IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **GRADY RENARD WILLIAMS, JR.,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| V. | : | NO. 5:23-cv-00495-MTT-CHW |
| | : | |
| **DENISE D. FACHINI,** | : | |
| | : | |
| Respondent. | : | |
| _____ | : | |

## ORDER OF DISMISSAL

Petitioner Grady Renard Williams, Jr., a prisoner in Dooly State Prison in Unadilla, Georgia, has filed a petition for a writ of mandamus. Mot. for Writ of Mandamus, ECF No. 1. Petitioner has also filed a motion to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. Petitioner, however, may not proceed *in forma pauperis* because more than three of his prior federal lawsuits have been dismissed on grounds that count as "strikes" under 28 U.S.C. § 1915(g), and Petitioner has not alleged that he is in imminent danger of serious physical injury.

Accordingly, Petitioner is now **DENIED** leave to proceed *in forma pauperis* and Petitioner's petition is **DISMISSED WITHOUT PREJUDICE**, as set forth below. Alternatively, to the extent that this petition should be construed as a habeas corpus petition, the Court **DISMISSES** the petition without prejudice to Petitioner's right to file in the Eleventh Circuit a motion for leave to file a second or successive habeas petition.

## THREE STRIKES RULE

Federal law bars a prisoner from bringing a "civil action" in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1] This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Petitioner has filed numerous federal lawsuits and that at least three of his complaints or appeals have been dismissed as frivolous

---

[1] Petitions for mandamus qualify as "civil actions" for purposes of 28 U.S.C. § 1915(g). *See, e.g., Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) ("Allowing prisoners to continue filing actions as they had before the enactment of the [PLRA], merely by framing pleadings as petitions for mandamus would allow a loophole Congress surely did not intend in its stated goal of 'discourag[ing] frivolous and abusive prison lawsuits.'" (second alteration in original)); *In re Nagy*, 89 F.3d 115, 117 (2d Cir. 1996) ("[I]f a prisoner, contemplating the filing of a complaint . . . under 42 U.S.C. § 1983, decided to avoid liability for filing fees and instead sought comparable relief by applying for a writ of mandamus directed to a prison official, the PLRA provisions should normally apply.").

or malicious or for failure to state a claim.  *See, e.g., Williams v. Ga. Dep't of Corr.*, Case No. 5:15-cv-00425-CAR-MSH (M.D. Ga. Dec. 8, 2015) (dismissing for failure to state a claim and as frivolous); *Williams v. Owens*, Case No. 5:13-cv-00254-MTT-MSH (M.D. Ga. Sept. 15, 2014) (dismissing for failure to state a claim); *Williams v. Owens*, Case No. 6:13-cv-00016-BAE-JEG (S.D. Ga. Nov. 27, 2013) (dismissing for failure to state a claim). Petitioner is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted).  Complaints of past injuries are not sufficient.  *See Medberry*, 185 F.3d at 1193.  Vague and unsupported claims of possible dangers likewise do not suffice.  *See White v. State of Colo.*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).  The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is 'serious physical injury.'"  *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In the petition, Petitioner asserts that he is an "insolvent debtor under bankruptcy, who has perfected a dirt-for-debt transfer of all collateral to satisfy all of a secured claim based upon a private security agreement."  Mot. for Writ of Mandamus, ECF No. 1.  As a result of this, he contends that Respondent has an obligation to release Petitioner from

the custody of the Georgia Department of Corrections. *Id.* Nothing in the petition suggests that Petitioner is in imminent danger of serious physical injury. Accordingly, Petitioner is **DENIED** leave to proceed *in forma pauperis*, and this action is **DISMISSED WITHOUT PREJUDICE**.[2]

## HABEAS CORPUS

Insofar as Petitioner is seeking release from custody, his petition could potentially be construed as a 28 U.S.C. § 2254 petition for a writ of habeas corpus, as habeas corpus is the sole federal remedy for a state prisoner challenging the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Petitioner has previously filed a habeas corpus petition, which the Southern District of Georgia dismissed as untimely. *See Williams v. Ward*, Case No. 4:22-cv-00201-WTM-CLR (S.D. Ga. Aug. 24, 2022), ECF No. 7. This petition would therefore be considered a second or successive petition, which Petitioner may not file without authorization from the Eleventh Circuit. *See* 28 U.S.C. § 2244(b)(3)(A).

Thus, to the extent that this pleading should be construed as a habeas corpus petition, the Court **DISMISSES** the petition without prejudice to Petitioner's right to file a motion in the Eleventh Circuit for leave to file a second or successive habeas petition pursuant to § 2244(b)(3). The Court also **DIRECTS** the Clerk to furnish Petitioner with the

---

[2] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit. Thus, the proper procedure when denying *in forma pauperis* status is to dismiss the complaint without prejudice, allowing the Petitioner to refile upon payment of the full $402.00 filing fee.

application form required by the Eleventh Circuit.[3]

## CONCLUSION

For the foregoing reasons, Petitioner is **DENIED** leave to proceed *in forma pauperis* in this action, and this action is **DISMISSED WITHOUT PREJUDICE** under the three-strikes rule, and alternatively, because the petition is successive.

**SO ORDERED**, this 15th day of February, 2024.

S/ Marc T. Treadwell

MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] "[A] dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a 'final order in a habeas proceeding' for purposes of 28 U.S.C. § 2253(c). . . . Instead, such a dismissal is a 'final decision' pursuant to 28 U.S.C. § 1291 and a [Certificate of Appealability] is thus 'unnecessary. . . .'" *Bolin v. Sec'y, Fla. Dep't of Corr.*, 628 F. App'x 728, 730 (11th Cir. 2016) (per curiam) (quoting *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (affirming dismissal of successive habeas petition for lack of subject-matter jurisdiction)). Accordingly, the Court will not address whether Petitioner has met the standards for issuance of a Certificate of Appealability.